**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SARA BROWN,<br><br>Plaintiff,<br><br>v.<br><br>THE HARTFORD FIRE INSURANCE<br>COMPANY,<br><br>Defendant. | Civil Action 2:25-CV-03560<br><br>Lower Court:<br>Court of Common Pleas –<br>Delaware County, Civ. No. 2025-004407 |

## NOTICE OF REMOVAL

Defendant The Hartford Fire Insurance Company ("Defendant" or "The Hartford") hereby removes this action from the Court of Common Pleas of Delaware County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  In support of this Notice of Removal ("Notice"), Defendant states as follows:

## I.    PROCESS, PLEADINGS, AND ORDERS

1.    Plaintiff Sara Brown ("Ms. Brown" or "Plaintiff") commenced an action by filing a Complaint on or about June 23, 2025 against Defendant in the Court of Common Pleas of Delaware County, Pennsylvania ("the Court of Common Pleas"), captioned *Sara Brown v. The Hartford Fire Insurance Company*, at Docket No. 2025-004407 (the "State Court Action").  (*See* Plaintiff's Civil Complaint, attached hereto as Exhibit A.)

2.    On June 23, 2025, Defendant was served with the Complaint via the Court of Common Pleas' electronic filing system.  (*See* Exhibit A, Certificate of Service.)

3.      The Complaint alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*; and the Pennsylvania Human Relations Act ("PHRA), 43 P.S. §951, *et seq.*  (*See* Exhibit A.)

4.      Collectively attached hereto as Exhibit B is a copy of all process, pleadings, and orders served upon Defendant or filed or received in this action by Defendant, pursuant to 28 U.S.C. § 1446(a).

## II.    VENUE

5.      Because the Court of Common Pleas of Delaware County lies in the Eastern District of Pennsylvania, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 118(a) and 1441(a).

## III.   DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(A)

6.      Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.    Diversity of Citizenship Exists

7.      For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain.  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may only have one domicile, and thus, may be a citizen of only one state for diversity jurisdiction purposes.  *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

8. Ms. Brown alleges that she is a citizen of the Commonwealth of Pennsylvania. (*See* Exhibit A at ¶ 5.) Accordingly, Ms. Brown is a citizen of the Commonwealth of Pennsylvania for purposes of diversity jurisdiction.

9. "Corporations are deemed citizens of both the state in which they are incorporated as well as the state where they have their principal place of business." *Coralluzzo v. Darden Restaurants, Inc.*, No. CIV.A. 13-6882, 2015 WL 4713275, at *3 (E.D. Pa. Aug. 6, 2015).

10. Defendant is incorporated in the State of Connecticut, with its principal place of business at One Hartford Plaza, Hartford, CT 06155. Accordingly, Defendant is a citizen of Connecticut for purposes of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

11. Accordingly, there is complete diversity among the parties for purposes of removal.

**B. The Amount In Controversy Exceeds $75,000**

12. Pursuant to 28 U.S.C. § 1446(c), Defendant need only establish by a preponderance of evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.

13. For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *See Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

14. In her Complaint, Ms. Brown demands backpay, frontpay, "punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable[,]" pre- and post-judgment interest, costs of suit, attorney and expert witness fees, and "such other relief as is deemed just and proper." (*See* Exhibit A, Prayer for Relief.)

15. In addition to monetary damages, Ms. Brown alleges damages for "compensatory damages," "pain, suffering, inconvenience, mental anguish, [and] loss of enjoyment of life." (*See* Exhibit. A, Prayer for Relief).

16. Ms. Brown also seeks punitive damages, which adds to the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *see also Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages).

17. Ms. Brown's Complaint does not specify the amount she seeks to recover from Defendant. However, according to a reasonable reading of the Complaint and a preponderance of the evidence, Ms. Brown's demand, and the amount in controversy, is more than $75,000. *See Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where Plaintiff does not set a limit for damages, the court should make a reasonable reading of the value of the claim Plaintiff has asserted and come to an independent valuation of the amount Plaintiff has claimed).

18. Although Defendant denies the validity and merit of Ms. Brown's claims and allegations, and denies that she is entitled to any relief, considering the combination of Ms. Brown's potential claims for non-monetary and compensatory harm, and punitive damages, it is plausible that a fact finder could conclude that her damages exceed $75,000, exclusive of interest and costs.

19. Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is a civil action between citizens of different states.

20.    By reason of the foregoing and pursuant to 28 U.S.C. §§ 1441(b) and (c), Defendant desires and is entitled to have this case removed from the Court of Common Pleas of Delaware County to the United States District Court for the Eastern District of Pennsylvania.

## IV.    FEDERAL QUESTION JURISDICTION EXISTS

21.    This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In deciding whether a suit arises under federal law, the district court follows the "well pleaded complaint" rule, under which a suit arises under federal law when the plaintiff's statement of his own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

22.    Counts I and II of Ms. Brown's Complaint expressly arise under federal law, as she alleges violations and actions taken pursuant to Title VII and the ADA. (*See* Exhibit A, Counts I and II.)

23.    As the  Complaint seeks a determination of whether Defendant violated a federal law, this Court has original jurisdiction over this action and removal is proper without regard to the amount in controversy or citizenship of the parties. 28 U.S.C. § 1441(a).

24.    In addition, this Court has supplemental jurisdiction over Ms. Brown's state law claims under the PHRA in Count III of her Complaint. When a district court has original jurisdiction over a civil action pursuant to 28 U.S.C. § 1331, the court also can exercise concurrent jurisdiction of the state law claims that "form part of the same case or controversy" as the federal law claims. 28 U.S.C. § 1367(a).

25.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Ms. Brown's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." Ms. Brown's PHRA

5

claims fall within this standard because they share with the Title VII and ADA claims a "common nucleus of operative fact[s] . . . such that [plaintiff] would ordinarily be expected to try them all in one judicial setting." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

26.    By reason of the foregoing and pursuant to 28 U.S.C. § 1331, Defendant desires and is entitled to have the State Court Action removed from the Court of Common Pleas of Delaware County, to the United States Court for the Eastern District of Pennsylvania.

## V.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

27.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on July 11, 2025, which is within thirty days of service of the Complaint on Defendant.

28.    In accordance with 28 U.S.C. § 1446(d), Defendant has filed this Notice with this Court, is serving a copy of this Notice upon Ms. Brown, and is filing a copy of this Notice in the Court of Common Pleas of Delaware County.

29.    Defendant reserves the right to submit further evidence supporting this Notice should Ms. Brown move to remand.

## VI.    CONCLUSION

**WHEREFORE**, having fulfilled all statutory requirements, Defendant respectfully requests that the instant action pending against it in the Court of Common Pleas of Delaware County, Pennsylvania, be removed to this Court and requests that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

*/s/ Sarah Bryan Fask*

Sarah Bryan Fask (No. 306549)
Kimberly Saginario (No. 325271)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3075 (t)
973.556.1746 (f)
sfask@littler.com
ksaginario@littler.com

*Attorneys for Defendant*

Dated:  July 11, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Sarah Bryan Fask, hereby certify that a true and correct copy of the foregoing **Notice of Removal** was served this date via electronic case filing and email upon:

Sidney L. Gold, Esq.
SIDNEY L. GOLD & ASSOCIATES, P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
SGold@DiscrimLaw.net

*Attorneys for Plaintiff*

*/s/ Sarah Bryan Fask*
Sarah Bryan Fask

Dated:  July 11, 2025